UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD EUGENE BARNES, | No. 2:26-cv-1638 TLN AC PS |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se, and the case was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

## I.  SCREENING

### A.    Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  The

1

Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B.      The Complaint

Plaintiff brings a civil rights complaint pursuant to 42 U.S.C. § 1983 against 14 employees of the California Department of Corrections of Corrections for violations of his First, Eighth, and Fourteenth Amendment rights. ECF No. 1 at 1-5. Plaintiff is a 76-year-old state parolee who alleges that defendants fabricated Rules Violation Reports ("RVRs"), denied him due process in disciplinary proceedings, retaliated against him for exercising his rights, subjected him to cruel and unusual punishment, and caused a wrongful 18-month delay in his parole release date. Id. at 1-2.

Plaintiff alleges that three defendants (Dinger, Knight, and Ingland) authored or participated in issuance of fabricated RVRs by endorsing and supporting false reports that were not supported by any evidence. ECF No. 1 at 6. Plaintiff alleges he was denied due process of law in disciplinary proceedings. Id. at 7. Specifically, he alleges defendants Chantharm, Taylor, and Bakersville presided over or participated in disciplinary proceedings in which plaintiff was denied adequate advanced written notice of the charges against him, was denied a meaningful opportunity to present a defense, the outcome as not impartial and was predetermined, and findings of guilt were not supported by "some evidence." Id. at 7.

Plaintiff alleges he engaged in protected conduct by filing inmate grievances and administrative appeals through the CDCR grievance process, and assisted other inmates in legal matters. Id. at 8. He alleges that he was unlawfully retaliated against by defendants Dinger, Meza, Alvarado, Canela, Ingland, and Lanier because they subjected him to: "fabrication of false disciplinary charges; verbal harassment and threats of physical harm; confiscation and destruction

3

of personal and legal property; targeted and retaliatory cell searches; and other retaliatory conduct designed to intimidate and punish Plaintiff." Id.

Plaintiff alleges Associate Warden Pedersen and Warden Garcia held supervisory positions, and they knew or should have known about the pattern of unconstitutional violations being perpetrated against the plaintiff. Id. at 9. Despite their knowledge, the supervisors failed to intervene and failed to prevent or correct the unconstitutional conduct of their subordinates. The cumulative effect of all of defendants' conduct amounts to cruel and unusual punishment in violation of the Eighth Amendment. Id. at 10. Further, as a result of defendants' conduct, plaintiff was incarcerated an additional 18 months beyond the date he would otherwise have been paroled, constituting a deprivation of his liberty without due process in violation of the Fourteenth Amendment. Id. at 11.

C.    Discussion

Plaintiff's complaint cannot be served at this time because it lacks the minimal clarity required by Fed. R. Civ. P. 8(a). Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. 544, 555 (2007)). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678.

Here, plaintiff makes conclusory allegations (e.g., that CDCR employees submitted false RVRs against him), but he does not identify any facts to support these conclusions. Plaintiff's conclusory allegations are not enough to satisfy Rule 8; he does not identify the circumstances of any particular RVR or provide any details whatsoever beyond the conclusory assertion that they were false. Plaintiff does not explain the circumstances or contents of the disciplinary hearings which allegedly violated his due process rights. Overall, the complaint simply does not contain sufficient factual information for the court to determine whether a legal claim can be stated. Accordingly, the complaint fails under Rule 8. However, rather than recommending dismissal,

4

the court will allow plaintiff to file an amended complaint correcting the problems outlined above.

II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of viable legal claims.  The allegations of the complaint must be set forth in  sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the court and the defendants to guess what is being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit."  Id. at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what."  Id. at 1179.

Also, the amended complaint must not refer to a prior pleading to make plaintiff's amended complaint complete.  An amended complaint must be complete without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

5

### III.  PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court.  The court cannot tell from your complaint what legal harm was done to you because you do not allege enough facts. Because the complaint as written does not state a claim upon which relief can be granted, it will not be served on the defendants.  Your lawsuit cannot proceed unless you fix the problems with your complaint.

You are being given 30 days to submit an amended complaint that provides enough facts for the court to determine whether you can state a legal claim.  If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you.  If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

### IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2.  Plaintiff shall have 30 days from the date of this order to file an amended complaint that names defendants who are amenable to suit, and which complies with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: May 13, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE